MORNA KRUGER, ADMINISTRATRIX OF THE ESTATE OF CHARLES A. KRUGER, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

GOVERNMENTAL FUNCTION—*when State is not liable.* The State in conducting the Illinois State Reformatory exercises a governmental function and is not liable for the death or injuries sustained by its employees while in the performance of their duty. (*Morrisey* v. *State*, Vol. 2, C. C. 267, followed.)

SOCIAL JUSTICE AND EQUITY—*when award will be made.* Although no legal liability exist against the State as a matter of social justice and equity the Court recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

The claimant, Morna Kruger, is the widow of Charles A. Kruger, deceased, and is administratrix of his estate under appointment by the County Court of Livingston County, Illinois. They were married August 8, 1914. The deceased did not leave any descendants surviving him.

Charles A. Kruger entered the employment of the Illinois State Reformatory as a civil service employee in 1909 and continued until the spring of 1919. He then entered the employment of the shoe factory in Pontiac where he worked until in July, 1919, when he re-entered the employ of the Illinois State Reformatory as a civil service employee.

During the afternoon of September 7, 1919, Charles A. Kruger was captain of the watch at the reformatory and as such was in complete charge of the institution. During that afternoon, two inmates, John Frederico and John Kelly, who occupied cell 32 in gallery 5 of the North cell house, were detected in sawing the cell bars. One of the bars was nearly sawed through and another one partly. The two officers who detected it, namely, Hancock and Donovan, were alone in the cell house and immediately sent a call to Mr. Krueger, who secured the keys and came to the cell house and to said cell with the intention of taking said two inmates therefrom and placing them in another cell.

As soon as the cell door was unlocked, the inmate, Kelly, produced a revolver and shot Mr. Kruger in the head, resulting in immediate death. The other inmate shot Hancock. Said two inmates then secured possession of the keys to said cell house, liberated another inmate and started a desperate and determined effort to escape from the institution. The attempt terminated in the death of one of them and the mortal wounding of the other.

These inmates, Kelly and Frederico, were supplied with two hack saws, with twelve extra blades each and with two revolvers, one an army special and the other a Colt's automatic, and with at least fifty cartridges each. Edward Wheeler, who was an employee of the State of Illinois at the said reformatory, was bribed by John Frederico to secure the saws, guns and ammunition. Said Wheeler brought said articles in at different times and placed them in control of said Frederico. Wheeler was sent money to buy said articles and was also paid $500.00, and was to receive an additional $500.00 after said inmates had escaped. This money was sent to him by a brother of Frederico from Chicago.

Wheeler's connection with the crime was traced through the serial number on the revolvers, which he had purchased at different places in Springfield, Illinois. He was indicted for murder in the Circuit Court of Livingston County, pleaded guilty, was sentenced under a charge of manslaughter and is now confined to the Joliet State prison. He caused to be delivered to the sheriff practically all of the said $500.00.

Charles A. Kruger was six feet and two inches tall, weighed one hundred and eighty pounds and was about forty-nine years of age, and appears to have been an efficient and trusted official of this institution. He came to his death in the courageous performance of his duty.

Under the law of this State and the decisions of this Court, we are of the opinion that the State is not technically liable for the death of claimant's intestate. The State is not liable for injuries received by its employees in the performance of their duty, as 'the doctrine of *respondent superior* does not apply to the State.'

> *Hedges* v. *County of Madison,* 1 Gilm., 567.
>
> *Elmore* v. *Drainage Commissioners,* 135 Il., 269.

The State, in conducting the Reformatory at Pontiac, is exercising a governmental function, and is not liable for the death and injury of those it employs.

> *"Morrisey* v. *State,* Vol. 2, Court of Claims, 267.
>
> *"Taylor* v. *State,* Vol. 2, Court of Claims, 243, and other cases passed upon by this Court.

The claim is therefore rejected.

However, we feel that as an act of social justice and equity, a substantial allowance should be made to claimant, even though we cannot make an award in this case.

We therefore recommend to the Legislature an appropriation to the claimant of the sum of five thousand dollars ($5,000.00).